**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re**
**ROBERT JOSEPH BROWN**
**Debtor**

**Appellant**
**STATE FARM AUTOMOBILE**
**INSURANCE COMPANY,**

                **Plaintiff,**

-vs-                              **Case No.  6:08-cv-1517-Orl-18DAB**

**Appellee**
**ROBERT JOSEPH BROWN**
**Debtor,**

                **Defendant.**

## ORDER

This matter comes before the Court on the Emergency Motion for Stay Pending Appeal (Doc. 25) filed by the Appellant, State Farm Automobile Insurance Agency ("State Farm"), and the response to that motion filed by the Appellee, Robert Joseph Brown ("Brown" or the "Debtor") (Doc. 30) and by the Chapter 13 Trustee, Laurie Weatherford ("Weatherford" or the "Trustee") (Doc. 29).  State Farm seeks a stay of the order confirming the Debtor's plan of reorganization so that its appeal is not rendered moot.

Brown filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on October 14, 2005.  His Second Amended Plan of Reorganization (the "Plan") was confirmed, over State Farm's objections, on November 14, 2006.  The final payment under the Plan was scheduled

for November 2008.  State Farm appealed, and in November 2007, the undersigned remanded the case back to the Bankruptcy Court for additional factual findings.

On July 3, 2008, the Bankruptcy Court entered an order overruling State Farm's objections and again confirming the Plan.  State Farm appealed to this Court.  On October 14, 2008, State Farm filed a motion in the Bankruptcy Court seeking a stay during the appeal.  On October 31, 2008, with the Bankruptcy Court having not yet ruled on that motion, State Farm filed the instant motion.  State Farm alleged that Brown was scheduled to make the final payment under the Plan on November 14, 2008, and that if the Bankruptcy Court entered a discharge order as a result, State Farm would lose its ability to appeal the confirmation order.  (Subsequently, State Farm filed a supplement, stating that it had discovered that Brown had already made his final payment, and that the Chapter 13 Trustee was seeking entry of a discharge order.  (Doc. 27 at 2-3)).

To determine whether to stay an order of the Bankruptcy Court, the District Court must consider four factors: the likelihood of success on the merits of the appeal; whether the movant will suffer irreparable injury if a stay is not granted; whether other parties will suffer any substantial harm if the stay is granted; and where the public interest is implicated, whether the stay will serve the public interest.  *Tooke v. Sunshine Trust Mortgage Trust*, 149 B.R. 687, 689 (M.D.Fla. 1992).

After considering the four factors, the Court finds that State Farm is entitled to a short stay so that the merits of its appeal may be considered.  Although it is not certain that State Farm will succeed before this Court, this dispute has been ongoing for more than three years, and the undersigned expects to enter an order resolving the appeal within the month.  A delay of a few weeks' time in receiving a discharge will not cause Brown any substantial harm.  Brown has not

disputed State Farm's contention that it would suffer irreparable harm – *i.e.*, the mooting of its appeal – if the discharge order were to issue in this case.[1]  And even assuming *arguendo* that the public interest is implicated here, the Court sees no way in which it would be harmed during a short stay.  Accordingly, it is hereby

**ORDERED** that the Emergency Motion for Stay Pending Appeal (Doc. 25) is **GRANTED IN PART**, and the July 3, 2008 order of the Bankruptcy Court confirming the Debtor's plan of reorganization is **STAYED** until December 1, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 12, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Citing *In re Club Associates*, 956 F.2d 1065 (11th Cir. 1992), Brown argues that State Farm's failure to seek a stay is automatically fatal to its pending appeal, as the Plan has been completely consummated. (Doc. 29 at 4). However, the *Club Associates* court rejected that position: "Despite the appearance that a failure to obtain a stay is a blanket discharge of an appellate court's duty to review a bankruptcy court's confirmation order, the fact remains that the absence of a stay does not *compel* a finding of mootness *in all cases*." *Id.* at 1070 n.13 (emphasis in original).